THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ORLANDO LUCCIONI MEDINA, Defendant and Appellant.

Cr-62-107.  Decided November 16, 1962.

*William Morales Torres* for appellant.  *J. B. Fernández Badillo, Solicitor General,* and *Rodolfo Cruz Contreras, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

The only error assigned by appellant refers to the refusal of the trial court to order his peremptory acquittal in view of the fact that strict compliance was not had with the procedure set forth in § 5–804 of Act No. 141 of July 20, 1960, 9 L.P.R.A. (Supp. 1960 p. 205),[1] which provides for the event where a driver refuses to have a blood or urine sample taken.  The specific issue raised is limited to the fact that a sworn statement was obtained from the agent who made the arrest, but not from the other witness whose testimony was presented at the hearing.  Aside from the

[1] This section was amended by Act No. 94 of June 21, 1961, 9 L.P.R.A. (Supp. 1961 p. 275–6), but the amendments are irrelevant for the purposes of the issue raised in this appeal.

fact that it appears from the record that such omission was probably due to defendant's own behavior, since on two different occasions he consented and later refused to have the samples taken when brought to the district hospital for that purpose, thereby permitting a period of not less than five hours to elapse between the arrest and the act of taking him to court, we have repeatedly held since *Acevedo* v. *Superior Court*, cert. 2822 decided October 18, 1961, that a mere deviation in the procedure set forth in the aforesaid section does not preclude the criminal prosecution. At any rate, and even eliminating the testimony of the witness Cristóbal Colón, whose sworn statement was not taken by the judge who found probable cause, the testimony of the agent who made the arrest is sufficient to sustain the conviction. See, *People* v. *Cabrera*, 84 P.R.R. 94 (1961), and *People* v. *Superior Court*, 84 P.R.R. 378 (1962).

The judgment rendered by the Superior Court, Ponce Part, on April 26, 1961 will be affirmed.

